## The People ex. rel. First National Bank v. Wayne Circuit Judge.

*Circuit Judge: Power over a Referee's Report: New trial:* A Circuit Judge has no power to order a new trial—on the ground that a referee's report is against the weight of evidence.

*Heard and Decided May 13.*

Application for writ of *mandamus,* to compel the respondent to vacate an order setting aside the report of a referee, and to enter judgment on the report.

The petition set forth, that on the 6th day of December, 1865, the First National Bank of Detroit, commenced suit against George Blumburg, in the Circuit Court for the county of Wayne, in an action of assumpsit; that the general issue being pleaded, the cause was referred to a referee for trial, by stipulation of the attorneys, on the 1st of February, 1867; that on the 19th day of November, 1868, the referee filed his report, in which he found in favor of the plaintiff; that no exceptions were filed on behalf of the defendant, to the report of the referee, but a motion for a new trial was entered in the special motion book on the grounds: 1st. That the facts in the cause were intricate, and the matters involved in the issue

in such doubt and obscurity, is as to require a re-examination. 2d. That the finding of facts by the referee, was against the weight of evidence—and 3d. That the report of the referee was contrary to the evidence.

That this motion was subsequently argued before the Hon. Jared Patchin, Judge of the said Court, who gave his decision in favor of the motion, and caused an order to be entered, setting aside the report of the referee, and granting a new trial.

The answer of the Circuit Judge admitted the matters stated in the petition to be true, and set forth the following additional facts.

That on the argument of said motion, the testimony taken before the referee in the cause was produced, read and commented on by the respective counsel without objection, and as was then stated by agreement between them; and that he believed himself to have been possessed at the hearing of said motion of a full and complete knowledge of all the testimony taken before the referee.

That it appeared that said cause was pending before the referee some eighteen months, and that nearly that time elapsed between the taking of the first testimony and the filing of the referee's report.

That no question was raised on the argument of the motion, as to its regularity or the manner of getting the testimony before him.

And that after examination of the testimony, it was the opinion of the circuit judge, that the conclusions of fact found by the referee in his report, "were not only not sustained, but were disproved by the evidence."

*A. Pond & C. I. Walker,* for relator.

*E. W. Meddaugh,* for respondent..

It is a general principle well settled, that *mandamus*

will not lie to compel an inferior judicial tribunal to reverse its decision, or to decide any matter entertainable by it in a particular way.

The proper province of the writ in such case is simply to set the court in motion.—*18 Wend. 75;* opinion of Tracy, and the cases there cited.—*21 Wend. 20; 20 Id. 658; 20, Pick. 484; Ex-parte Hoyt, 13 Peters, 279; 19 Wend. 68; Fish v. Weatherway; 2 Johns. Cases 215; Note B. as to mandamus and its uses.*

But when the court has no legal power to grant a new trial, but assumes to do so, *mandamus* will lie to compel entry of judgment.—*1 Johns. cases 180; note a.*

So where the court permitted an amendment of that which was not amendable, it was held that *mandamus* was the proper remedy.—*18 Wend. 675.*

This court seems to have recognized this writ as affording the proper remedy when the circuit court has exceeded its legal authority, as for instance, in permitting amendment of a declaration, so as to change the form of action.—*People v. Judge of Wayne county, 13 Mich. 266; People v. Judge of Wayne county, 1 Mich. 359; People v. Judge of Washtenaw, 1 Doug. 434.*

1. The court cannot by *mandamus* compel the circuit court to review its decision and reverse it; *provided,* the circuit court had jurisdiction of the matter of a new trial in this case.

*a.* The case made by the relator by implication concedes the order of the court to have been proper—that there was a sufficient showing to authorize a new trial, if the court had authority to entertain the motion.

The affidavit does not attempt to make out a case of abuse of the discretion, if the judge possesses it.

2. The motion to set aside the report of the referee, was properly cognizable by the court; and the power to set aside the report, and award a new trial, is possessed by it.

THE PEOPLE v. WAYNE CIRCUIT JUDGE.

1st. The cause is commenced in the circuit court, and goes to issue there.

It does not leave the court, nor is it at any time beyond the control of the court. The referee has a particular duty in the case to perform, and finally the court enters judgment.

2d. When the report is filed, it stands like the "finding of the court in term time."—*Laws of 1841*, § 6.

3d. Unless the court possesses this control over the report, great abuses may result.

*a.* The referee may find a state of facts against which the weight of testimony is overwhelming.

*b.* He may report a state of facts, which there is no testimony to establish.

The remedy for this is not to be found in sec. 8.

The Act of 1861, makes no change in the law as it stood prior to this, which has any significance in connection with this question.

No weight against our view is derivable from the fact, that the provision in the former, authorizing the court to require the referee to return the testimony, is here omitted.

This provision conferred no power upon the court, which it did not possess without it, and might therefore well be omitted.—*Fleter v. Heath, 11 Wend. 484.*

Nor does it make against our claim of the right of the court to set aside the report for the same reasons as the verdict of a jury, that the statute provides a mode of relief against certain errors of the referee.

The only errors of the referee, which the statute indicates the remedy for, are those of law.—*Laws of 1861* §§ *7 and 8.*

Without these provisions, there might be some difficulty in determining how these matters should be brought to the knowledge of the court.

As to errors of fact, however, the mode of relief is suggested at once by the provision that the report "shall stand as the finding of the judge in term time."

It is very clear from the several provisions of this law, prescribing the mode for relief against the errors of the referee, that it was not the intention to leave parties to suits referred remediless, as in the case of arbitration.

The court may compel the referee to return the evidence (as we have heretofore indicated,) and may thus be possessed of the same means for hearing a motion for a new trial, as when the case is tried by jury in open court,

The view taken of the statute by the relator, if it prevails in this court, will render the statute, valueless. No one will dare refer a case.

On the other hand, why should not the court have control as over the verdict of a jury?

The tendency of recent legislation in our state seems to be towards clothing juries with absolute and irresponsible power over the facts of a case.

Unless the courts will come to the rescue, trials will be a farce upon justice.

4. As to this question, our statute does not differ from the early statute of New York.—*2 Rev. St. of N. Y. p. 306, 348.*

Held in New York under this statute, that the court might set aside the report of the referee for the same causes as the verdict of a jury.—*Fleter v. Heath, 11 Wend. 477; 18 Wend. 575; 19 Id. 68; Roberts v. Carter, 28 Barb. 442— 5 Call. 90.*

So held in Rhode Island, that the court might grant a new trial upon report of a referee.—*6 R. I. 251; and New Jersey, 5 Dutch. 160.*

If the court does not possess authority to review and set aside the report of the referee for a finding without evidence or against it; then the act is unconstitutional.

*a.* Because it vests judicial power in the referee. He may pass upon questions of law, viz:

That certain testimony establishes a state of facts which, as matter of law, it has no tendency to establish—and his judgment is final. See *Underwood v. McDuffer, 15 Mich. 361; Chandler v. Nash, 5 Mich. 409.*

This law points out no remedy for such an error, and for the court to afford it by construction, is to do just what we ask them to do for the other errors of the referee.

CAMPBELL J.

The only question before us on this application is, whether the circuit court can set aside a referee's report, as against the weight of evidence, and order a new trial.

We have had the subject of references, and their incidents before us several times, and have had our attention turned to questions not entirely foreign to this inquiry. But we have not heretofore felt called upon to consider the point now discussed, which is one of great practical importance.

We regard the judicial power vested in the circuit courts, by the constitution, as one which cannot be reduced or divested to any extent which would impair their general authority over proceedings pending before them. And it cannot be doubted that a power to grant new trials, is one not depending upon statutes in this state, but recognized as existing, and subject only to such regulation as would be proper in regard to all legal proceedings under the general provisions intended to produce system and efficiency. In looking at any statute which would seem to infringe any of their substantial powers, we are bound, therefore, to give no further effect to such reduction than is reasonably required to be done.

The fact that references are not compulsory, does not prevent them from being considered as a method of trial au-

thorized by law, and not to be treated with any disfavor. And when a party elects to adopt this form of trial, we cannot consider him as compelled to waive thereby any rights which are consistent with a resort to it. Where a reference is compulsory no question of waiver arises, and no right is lost which the law ever vested in him. But where it is not compulsory, he waives just so much of his rights as cannot be made consistent with the practice he has chosen.

It is not easy to see how by resorting to a reference, a person must necessarily lose any of the grounds for a new trial, which can be retained without inconvenience.

The discovery of new evidence, fraud, misconduct, and other causes independent of the method of trial, would not be any more difficult to consider in one case than in another. But the granting of new trials because a finding is against the weight of evidence, involves, as usually considered, a knowledge of the character and incidents of testimony, only possessed by the judge who hears a cause. Where an issue is sent down from this court for trial, it is not customary to set aside a verdict as against the weight of evidence, if satisfactory to the circuit judge; and such has always been the practice in courts sitting in bank, who are called upon to decide such cases heard before a single judge. Although, there is an abstract power to do otherwise, the case must be an extreme one which would justify a departure from the rule.

A referee is not a judge, and does not act judicially in the strict sense of the term. But the difficulty does not arise from the judicial character of the presiding officer, but from the fact that no testimony can appear to those who did not hear it, precisely as it does to those who hear it. And while cases may often exist where the difference would not be serious, yet the rule must in general be otherwise; and there is always a presumption that evidence has

18 MICH. —G7

been properly considered. The referee-law provides no method for preserving testimony. In case a party insists, before a referee, that there is no evidence tending to maintain a case, undoubtedly he raises a question of law, which will enable him to require a report showing what the testimony was, and this would be done by exception. But this does not require that minute and absolutely perfect reproduction of it which would be necessary to put the court in as good a position as the referee, to appreciate it. And this cannot be compelled, or attained under the law.

We feel that there may be many cases where the existence of such a power as was exercised in this case would prevent injustice; but we think the law is not so framed as to provide any adequate means for its exercise. And we are compelled to hold that by electing to refer, the party loses his right to complain that the finding of the referee is against the weight of evidence.

The *mandamus* must be granted; but as the point is new, and one which it was desirable to have settled, we do not feel disposed to impose costs.

The other Justices concurred.