McDONALD (ROBBINS v.). See Case No. 11,884.

## Case No. 8,766.

MACDONALD v. SAGINAW VAL. & ST. L. R. CO.

[2 Am. Law T. Rep. (N. S.) 29.]

Circuit Court, E. D. Michigan. Nov., 1874.

REFERENCE—REPORTING TESTIMONY—BILL OF EXCEPTIONS—RAILROAD CONSTRUCTION CONTRACTS—DAMAGES.

[1. The Michigan referee law (Comp. Laws, c. 186) makes no provision for preserving or reporting the testimony, and the only way in which it can be got before the court is by exceptions to its admissibility, or to the finding of facts, and then having it, or so much of it as may be necessary to show the pertinency of the exceptions, embodied in a bill of exceptions, duly settled and certified by the referee. Therefore, testimony merely filed with the report, without any bill of exceptions, cannot be considered, and the exceptions to the report must be determined solely upon the facts as found therein.]

[2. A railroad construction contract provided that, if the constructor failed for 10 days to increase his force after being notified by the company's engineer to do so, the latter might put on a force of its own, or relet the job, and charge the expense, if any, to the contractor. *Held* that, in case of such failure, the company's only remedy was to pursue the course thus pointed out; and having in fact put on a force of its own, and been allowed the full expense thereof, it had no right to receive additional damages.]

[This was an action at law by MacDonald against the Saginaw Valley & St. Louis Railroad Company to recover for work and labor done and materials furnished under a contract. Heard on exceptions to the report of a referee.]

The declaration consists of the common counts for goods, wares, and merchandise sold and delivered, work and labor done, and materials furnished, and money due on account stated. The defendant's notice of defence under the general issue sets up that the goods, wares, and merchandise, work and labor, materials and money, constituting plaintiff's claim as set up in his declaration, were sold and delivered, done, furnished, and paid out by the plaintiff in part performance by him of an agreement in writing between the parties for the construction by the plain-

tiff of defendant's railroad, which contract is fully set out in the notice. The defendant then alleges non-performance on the part of the plaintiff in not completing the work by the time specified in the contract, in abandoning the work while a large portion of it remained undone, and in doing what was done in an unworkmanlike, negligent, and imperfect manner, to defendant's damage a specified amount; which damage, in addition to fifteen per cent. of estimates of work, &c., claimed to be provided for in the contract as stipulated damages, the defendant claims to recoup against plaintiff's claim to the amount thereof, and asks for a judgment for the balance in his favor. The notice also alleges several matters by way of set-off. The issue thus joined was referred by consent to Hon. Sanford M. Green, under chapter 186 of the Compiled Laws of Michigan, and the referee has made and filed his report. No exceptions appear to have been taken before the referee, and there is no bill of exceptions accompanying his report. After the filing of the report, however, exceptions to the conclusions of law stated in the report were filed in behalf of defendant. The exceptions appear in the opinion of the court. The referee's conclusions of law stated in the report as deductions from the facts found by him, which are also stated, are: First, that the plaintiff is entitled to have allowed to him as a just claim against the defendant the several items specified, amounting in the aggregate to $54,486.20, subject, however, and subject only, to deductions for several specified items, amounting in the aggregate to $41,-638.72, leaving a balance due the plaintiff at the time of the commencement of the suit of $12,874.28, which last mentioned sum, together with $1,236.59 for interest thereon from December 26, 1872, to May 11, 1874, making in all $14,083.87, the plaintiff is entitled to recover of the defendant as his damages in this action; second, that the defendant is not entitled to recoup for or on account of damages for any non-performance on the part of the plaintiff.

Theo. Romeyn, for exceptions.
O. F. Wisner, contra.

LONGYEAR, District Judge. Several of the exceptions appear to be based upon what is claimed to have been the evidence before the referee, aside from and independently of his findings of facts as stated in his report. There appears in the files in the case a mass of writing, indorsed as filed of the same date as the filing of the report, purporting to be testimony of witnesses in this case. It is not signed by the witnesses, nor is it anywhere referred to or mentioned in the report, or in any manner certified or authenticated by the referee, as the testimony upon which he acted; and of course there is no evidence that it is all the testimony adduced before him. But even if all these had been supplied, the returning and filing of the testimony with the

report would have been without authority of law, and have constituted no part of the record or foundation upon which the court could base any opinion or action in deciding exceptions to the report. The referee law makes no provision for preserving or reporting the testimony, and the only means by which it can be got before the court in any case is by exceptions before the referee to its admissibility, or to the finding of facts by the referee, and then having it, or so much of it as may be necessary to show the pertinency of the exceptions, embodied in a bill of exceptions duly settled and certified by the referee, and returned by him with his report. The supreme court of Michigan, in People v. Wayne Circuit Judge, 18 Mich. 483, 489, say: "The referee law makes no provision for preserving the testimony. In case a party insists, before a referee, that there is no evidence tending to maintain a case, undoubtedly he raises a question of law, which will enable him to require a report showing what the testimony was, and this would be done by exception." There being no bill of exceptions returned with the referee's report, the court, in deciding the exceptions in this case, must be confined exclusively to the finding of facts by the referee as stated in his report.

The first, second, and third exceptions are to the referee's conclusions of law, that the defendant was not entitled to recoup for damages. The non-performance complained of in the notice, and on account of which a right to recoup was claimed was: First, in not completing the job by the time agreed on; second, in abandoning the job before completion, leaving large portions of the work undone; third, in doing imperfectly what was done.

The facts found by the referee bearing upon these points are: (1) That defendant being unable to furnish the iron for the track until after the time limited in the contract for the completion of the work, it was mutually understood between the parties that the work was not required to be prosecuted with reference to its being completed within such time, and that no specific time was afterwards agreed on. (2) That "said plaintiffs commenced the work under said written contract by or before the middle of September, 1871, and prosecuted the same from that time until some time in November, 1872, when the officers of said company, in its behalf, directed the plaintiff to quit the work, and he did so." (3) The report is silent as to the quality of the work done. Certainly, under such a state of facts, the referee could come to no other conclusion of law than that arrived at by him, that the defendant was not entitled to damages for the causes named in the notice. The time fixed by the contract for its completion was waived; the work was abandoned by plaintiff by defendant's own direction, without its being made to appear that it was on account of any fault

on the part of the plaintiff; and it does not appear that the allegation that the work done was imperfect was sustained. The first, second, and third exceptions are overruled.

The fourth exception is to the referee's "omission and refusal" to allow the defendant any damages for plaintiff's failure to increase his force in July and August, 1872, as he was notified and directed to do by defendant's engineer. The contract itself (which is set out in full in the report) makes provision as to what was to be done in such case. The provision is, in substance, that in case of such failure on the part of plaintiff for ten days after such notice, the defendant might put on a force of its own, or relet the job, and charge the expense or loss, if any, to the plaintiff. Plaintiff had ten days in which to comply with the notice, and, of course, no damages could be claimed for noncompliance during that time; and after that time defendant had it in its power to avoid damages by putting on a force of its own or reletting the job, and charging the plaintiff with the expense or loss occasioned thereby; and I am of opinion that this was all the defendant could claim of the plaintiff for a non-compliance by him in that respect. The report shows that defendant did put on a force of its own, and that the referee has allowed the full amount of the expenses thereof. The fourth exception is therefore not well taken, and the same is overruled.

The fifth exception was abandoned at the hearing.

The sixth exception is to the "omission and refusal" of the referee to allow the defendant the fifteen per cent. specified in the contract as liquidated and settled damages. The contract provides for estimates at stated times, of work done and material furnished, and for the retention by defendant of fifteen per cent. of such estimates until full performance of the contract on the part of the plaintiff; and that in case of plaintiff's failure to perform, the said fifteen per cent. should be retained by defendant as liquidated and settled damages; and it is to these provisions that the sixth exception relates. What has been said in answer to the first, second, and third exceptions is fully applicable and constitutes a complete answer to this. The sixth exception is therefore overruled.

The seventh exception is "to the omission and refusal of the referee to adopt the award and decision and estimates of the engineer of the defendant as final and conclusive between the parties, in the absence of any proof of fraud or mistake on his part." The report is silent as to whether the findings of the referee of the amount allowed the plaintiff were or were not based upon estimates by the engineer, and as to whether any such estimates were or were not in fact before him. There is therefore an entire absence of anything in the report to which this exception can be given any application.

The seventh exception is therefore overruled.

The eighth and tenth exceptions are based upon what the testimony before the referee is claimed to prove or disprove. For reasons stated in the commencement of this opinion, these exceptions cannot be considered, and they are therefore overruled.

The ninth and only remaining exception is "to the conclusion of the referee that the claim of the plaintiff was subject only to the deductions specified in the report." This exception is but a restatement in general terms of what had been already specifically stated in preceding exceptions concerning defendant's claim for damages; and it has therefore been disposed of adversely in what has been said as to those exceptions, and the same is overruled.

It results that judgment must be entered on the referee's report. At the hearing on the exceptions, plaintiff's attorneys acknowledged the payment of $2.500, June 13, 1874, and asked that in entering judgment the amount so paid be deducted from the amount reported due. Let judgment be entered overruling the exceptions and confirming the referee's report; and for the recovery by plaintiff of the amount reported, with interest from May 11, 1874, the date of the report, abating therefrom the payment of $2,500, of the date of June 13, 1874, and costs of suit.